**Opinion issued December 13, 2012**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-10-00339-CR**

_____

**KENDRICK EARL EDWARDS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 04-DCR-039842**

---

## MEMORANDUM OPINION

Appellant Kendrick Earl Edwards pleaded not guilty to the felony offense of aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). The jury found appellant guilty and the trial court assessed punishment at confinement for forty-five years. The trial court certified that this is not a plea bargain case and the

appellant has the right to appeal. A timely notice of appeal was not filed, but the Court of Criminal Appeals granted appellant permission for an out-of-time appeal, and appellant appealed.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In his pro se response, appellant argues that the evidence is insufficient to support his conviction, that an incorrect burden of proof was applied, and that the state failed to prove a firearm was used during the commission of the offense. He also argues that Fort Bend County's jury selection process was unconstitutional and that the trial judge failed to properly instruct the jury. Further, he argues that

his trial counsel was ineffective for various reasons. In addition, he argues that his consent form was obtained involuntarily and in violation of the U.S. Constitution.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Appellant's motion to take counsel on voir dire is dismissed as moot. Attorney Calvin Parks must immediately send the notice required by Texas Rule of

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

Appellate Procedure 6.5(c) and file a copy of the notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).